IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Bryndon Fisher**, Individually and on Behalf of All Others Similarly Situated,

               Plaintiff,

v.

**The United States of America**,

               Defendant.

No. 15-1575C
(Judge Wheeler)

### SECOND AMENDED CLASS ACTION COMPLAINT

Upon personal knowledge as to his own acts and status, and based upon his investigation, his counsel's investigation, and information and belief as to all other matters, plaintiff Bryndon Fisher ("Plaintiff" or "Fisher"), individually and on behalf of all others similarly situated, alleges as follows:

### SUMMARY OF ACTION

1.    This is a class action brought on behalf of users of the Public Access to Court Electronic Records system ("PACER"), the system that all federal courts use to provide public access to court records. Based on an extensive investigation into PACER's billing practices, PACER exhibits a systemic error that overcharges users for accessing docket reports in violation of its stated policies and procedures.

2. The basic problem is simple. PACER claims to charge users $0.10 for each page in a docket report, up to a maximum charge of $3.00 per transaction. Since by default, these docket reports are displayed in HTML format, PACER uses a formula based on the number of bytes in a docket to determine the number of billable pages. One billable page equals 4,320 extracted bytes.

3. In reality, however, the PACER billing system contains an error. PACER artificially inflates the number of bytes extracted from each docket report, counting some data multiple times instead of just once and billing users for extraneous information that is never displayed in a docket report at all. As a result, users are systematically overcharged for HTML docket reports.

4. The Administrative Office of the United States Courts ("AO"), which administers and maintains PACER, therefore breached the terms of its contract with Plaintiff and the Class and owes Plaintiff and the Class damages as compensation for the overcharges.

5. The AO improperly collected these overcharge payments from Plaintiff and the Class in contravention of relevant statutes and regulations, including the E-Government Act of 2002, 28 U.S.C. § 1913 note, and the Electronic Public Access Fee Schedule. These overcharge payments, therefore, also constitute an illegal exaction in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action, and venue is proper in this Court pursuant to 28 U.S.C. § 1491(a).

## PARTIES

7. Plaintiff Bryndon Fisher is a citizen of the State of Washington and a resident of Camas, Washington. During the Class Period, as described *infra*, Fisher accessed PACER, viewed docket reports in HTML format, and was overcharged for docket reports by the AO. Fisher has not been reimbursed or otherwise compensated for the overcharges.

8. Defendant United States of America ("Defendant" or "United States") includes the Administrative Office of the United States Courts, which administers and maintains PACER, and agents acting at the direction or on behalf of the AO.

## FACTUAL ALLEGATIONS

### The PACER System

9. According to the AO's website, PACER is an electronic public access service that allows users to obtain case and docket information online from federal appellate, district, bankruptcy courts, and the U.S. Court of Federal Claims. PACER is provided by the Federal Judiciary in keeping with its commitment to providing public access to court information via a centralized service.

10. PACER's mission is to facilitate and improve electronic public access to court information at a reasonable cost, in accordance with legislative and judicial policies, security requirements, and user demands.

11. PACER hosts millions of case file documents and docket information for all district, bankruptcy, and appellate courts. As of 2010, PACER hosted over 500 million documents that were filed in federal courts.

12.     The AO's Programs Division manages the development and maintenance of PACER and, through the PACER Service Center, provides centralized billing, registration, and technical support services for the Judiciary and the public.

13.     In 2015, PACER surpassed over two million user accounts. Users include licensed attorneys; state and local governments, including city, state, and federal employees; educational institutions, including students, educators, and staff; journalists and media organizations; judges and court staff; and the general public.

## PACER Prescribes User Fees

14.     As mandated by Congress, PACER is funded through user fees set by the Judicial Conference of the United States ("Judicial Conference").

15.     The Judicial Appropriations Act of 1992, Pub. L. 102–140, title III, § 303, 105 Stat. 810 (1991), as amended by the E-Government Act of 2002, Pub. L. 107–347, title II, § 205(e), 116 Stat. 2915 (2002), provides:

> **Court Fees for Electronic Access to Information**
>
> (a) The Judicial Conference ***may, only to the extent necessary, prescribe reasonable fees***, pursuant to sections 1913, 1914, 1926, 1930, and 1932 of title 28, United States Code, for collection by the courts under those sections for access to information available through automatic data processing equipment. … The Director of the Administrative Office of the United States Courts, under the direction of the Judicial Conference of the United States, shall prescribe a schedule of reasonable fees for electronic access to information which the Director is required to maintain and make available to the public.

(codified as amended at 28 U.S.C. 1913 note) (emphasis added).

16.     Congress expressly limited the AO's ability to charge user fees for access to electronic court information by substituting the phrase "only to the extent necessary" in place of "shall hereafter" in the above statute. E-Government Act of 2002, § 205(e).

4

17.     In accordance with this statute, the Judicial Conference prescribed user fees for electronic public access to court records:

> **Fees for Public Access to Court Electronic Records (PACER)**
>
> (1) Except as provided below, for electronic access to any case document, docket sheet, or case-specific report via PACER: ***$0.10 per page***, not to exceed the fee for thirty pages.

Electronic Public Access Fee Schedule, 28 U.S.C.A. 1914 (effective December 1, 2013),

https://www.pacer.gov/documents/epa_feesched.pdf (emphasis added).

18.     The exceptions, *inter alia*, concern fee exemptions for users who have not yet incurred $15.00 in a quarterly billing cycle; discretionary exemptions for indigents, *pro bono* attorneys, and nonprofit organizations; judicial opinions; and parties and attorneys in a case who receive one "free look." None of these exceptions apply here.

19.     PACER's user fees are contained in PACER's "Policies and Procedures," which are linked from the home page of PACER's website. These Policies and Procedures state:

> **Fee Information**
> There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to information in PACER. All registered users will be charged as follows:
>
> * Use of the PACER system will generate a $.10 per-page charge.

PACER Policies and Procedures, https://www.pacer.gov/documents/pacer_policy.pdf.

20.     The AO directly communicates the amount of these fees to users when they sign up for a PACER account. When a user accesses the "Registration Wizard," the system presents the following information to the user:

> There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to PACER. All registered agencies or individuals will be charged the fee. Access to PACER systems will generate a

$0.10 per page charge.

If you would like to try PACER before registering, visit our free training site. More detailed information about how to use PACER is available in the PACER User Manual.

PACER Case Search Registration, https://pacer.psc.uscourts.gov/pscof/regWizard.jsf

(emphasis and links in original).



21.     This language describing the "$0.10 per page charge" includes a "tooltip" that displays additional explanatory text when a user hovers her mouse pointer over it. See below:

22.     This "tooltip" explains that "[a] formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted."

23.     The PACER Service Center's public help pages contain similar language. In the billing area, PACER presents a frequently-asked questions section that asks:



PACER Billing, https://www.pacer.gov/billing/.

24.     The PACER User Manual, which the Registration Wizard references and links to, explains this formula in greater detail:

> **Dockets, Case Reports, and Search Results**
>
> Docket reports are generated with the number of pages for a docket sheet before the document is reformatted as a webpage.
>
> Billable pages for docket reports, case reports, and search results are calculated using a formula based on the number of bytes extracted (4,320 bytes = 1 billable page).

PACER User Manual for ECF Courts (Updated September 2014),

https://www.pacer.gov/documents/pacermanual.pdf.

25.     Based on PACER's stated policies and procedures, including incorporated disclosures on its web site and in the PACER User Manual, a user would expect to be charged $0.10 for each 4,320 bytes extracted from a docket report.

**PACER Users Notified the AO that PACER Overcharges for Docket Access**

26.     On March 12, 2015, Carl Malamud ("Malamud"), a member of the putative Class, submitted a Credit Request Form to the PACER Service Center for reimbursement of overcharges for accessing court dockets. As part of this request for a refund, Malamud included a detailed explanation of how PACER consistently overcharges PACER users by miscalculating the number of bytes in billable pages.

27.     An agent for the PACER Service Center responded to Malamud via email on March 25, 2015 by providing cost-saving tips to reduce docket report charges, but she did not address Malamud's complaint regarding PACER's persistent pattern of overbilling users for access to court dockets.

28.     On March 31, 2015, Malamud again informed PACER of its systemic pattern of overbilling users, by writing a letter to Robert Lowney, Chief of the Programs Division for the AO. Malamud's letter further put the AO on notice that a systemic billing error overcharged PACER users for access to Court dockets and included a detailed description of the error. Malamud noted that PACER's March 25th response did not address his specific complaint regarding the systemic nature of the billing errors. Malamud also informed PACER that he had spoken with numerous users who had noted PACER's practice of overbilling for access to court dockets and reported these errors to the PACER Service Center

**PACER Overcharged Plaintiff Fisher for Access to Court Dockets**

29. Plaintiff Bryndon Fisher registered for access to the PACER system and agreed to be charged $0.10 per page for access to court dockets, based on the formula contained in the PACER User Manual.

30. Over the past several years, Fisher accessed numerous court dockets and documents, always accessing court dockets in HTML format using PACER's default options. With the exception of quarters in which Fisher's PACER charges were waived due to falling below the $15.00 per quarter minimum, Fisher was charged and paid for that access, and his docket access did not qualify for the exceptions or exclusions listed in the Electronic Public Access Fee Schedule.

31. During the past two years, Fisher paid for access to 164 court docket reports using PACER and was charged a total of $92.50 by the AO for this access. These charges do not include access to the individual PDF documents, only access to the docket reports, nor do they include charges that were waived for failing below the $15.00 per quarter minimum.

32. Over this two-year period, based on the formula contained in the PACER User Manual, Fisher should have been charged $61.30, representing an overcharge of $31.20 or approximately 51%.

33. PACER concealed these overcharges from Fisher, thereby hindering Fisher's ability to discover and report the overcharges to PACER. Furthermore, Fisher could not report the overcharges to PACER in a timely manner because discovery and confirmation of the overcharges required an investigation by expert consultants with advanced degrees in computer

science. As a result, any condition precedent in the contract has been excused because of impracticability or hindrance by Defendant.

34. Fisher has not been reimbursed or otherwise compensated for these overcharges.

**PACER Exhibits a Systemic Billing Error That Overcharges Users**

35. PACER's overcharges to Fisher and Malamud are not isolated incidents. On the contrary, based on Plaintiff's counsel's investigation and discovery to date in this action, PACER systematically overcharges users for access to court dockets in breach of its stated policies, including the PACER User Manual.

36. To discover why and how PACER overcharges users, Plaintiff's counsel retained expert consultants with advanced degrees in computer science and substantial experience in the field. These consultants conducted an investigation into the overcharges, including who is affected, when and under what circumstances the overcharges manifest, and the nature of the underlying error in the PACER system.

37. Based on this investigation, PACER exhibits a systemic billing error that affects users who access docket reports in the default HTML format. For these docket reports, PACER uses a formula based on the number of bytes extracted, purporting to charge users $0.10 per 4,320 bytes. But the PACER system actually miscalculates the number of extracted bytes in a docket report, instead basing this calculation on an intermediate step prior to completion of the extraction process, resulting in an overcharge to users.

38. Plaintiff's investigation determined that this overcharge is due to (1) data that is retrieved from the database that never appears in the docket report; (2) data that is retrieved from the database that only appears in the docket report in certain circumstances, such as the

addresses of parties in the case; and (3) data that is retrieved from the database multiple times but displayed on the docket report only once, such as attorney addresses.

39.     PACER systematically treats certain portions of an HTML docket report differently from other portions of the same docket report. The size of the results from certain database queries are included in the count of "bytes extracted," while others are programmatically excluded from this calculation. PACER does not treat all bytes equally in its calculation of "bytes extracted." The PACER system therefore does not correctly count "bytes extracted" consistent with its stated policies.

40.     Due to these miscalculations, PACER computes the number of "bytes extracted" in a way that always results in an equal or higher value than the number of bytes that actually appear in a generated HTML docket report, resulting in a systemic overcharges to users.

41.     This systemic billing error for docket reports affects the PACER system that is used in all U.S. District Courts, U.S. Bankruptcy Courts, and the U.S. Court of Federal Claims.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this class action on behalf of himself and all others similarly situated as members of a proposed Class defined as follows:

> **All PACER users who, from December 28, 2009 through the present, accessed a U.S. District Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one HTML docket report.**

43.     Excluded from the Class are the United States government and the agencies and officers thereof and any judges, justices, or judicial officers presiding over this matter, the members of their immediate families, and their judicial staff.

44. This action is brought and may properly be maintained as a class action pursuant to Rule 23 of the U.S. Court of Federal Claims. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of this rule.

45. *Numerosity Under Rule 23(a)(1).* The Class is so numerous that the individual joinder of all members is impracticable. While the Class's exact number is currently unknown and can only be ascertained through appropriate discovery, PACER currently has over two million users. This is more than sufficient to satisfy the numerosity requirement. Each of these Class Members can also be ascertained by referencing the AO's business records, which include the contact information for Class Members.

46. *Commonality Under Rule 23(a)(2).* Common legal and factual questions exist that predominate over any questions affecting only individual Class Members. These common questions, which do not vary among Class Members and which may be determined without reference to any Class Member's individual circumstances, include, but are not limited to:

    A. Whether the AO owed a duty to Plaintiff and the Class to accurately bill them for access to PACER docket reports;

    B. Whether PACER contains a systemic error that miscalculates the charges to Plaintiff and the Class for accessing docket reports;

    C. Whether the AO systematically overbilled Plaintiff and the Class for access to docket reports in breach of its contract;

    D. Whether the AO breached the implied covenant of good faith and fair dealing by knowingly and repeatedly overcharging PACER users;

  E. Whether the AO's conduct constituted an illegal exaction by unnecessarily and unreasonably charging PACER users more than the AO and the Judicial Conference authorized under Electronic Public Access Fee Schedule and the E-Government Act of 2002;

  F. Whether Plaintiff and the Class have been damaged by the wrongs alleged and are entitled to compensatory damages.

47. Each of these common questions is also susceptible to a common answer that is capable of classwide resolution and will resolve an issue central to the validity of the claims.

48. ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiff is an adequate Class representative because he is a Class Member, and his interests do not conflict with the Class's interests. Plaintiff has retained counsel who are competent and experienced in prosecuting class actions. Plaintiffs and his counsel intend to prosecute this action vigorously for the Class's benefit and will fairly and adequately protect the Class's interests.

49. ***Rule 23(b)(2) Generally Applicable Grounds.*** The Class can be properly maintained under Rule 23(b)(2). Through a systemic billing error, the AO has overcharged each Class Member for accessing docket reports. Defendant, therefore, has acted or refused to act, with respect the issues presented in this Complaint, on grounds generally applicable to the Class.

50. ***Rule 23(b)(3) Predominance and Superiority.*** The Class can be properly maintained under Rule 23(b)(3), because the above common questions of law and fact predominate over any questions affecting only individual Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of this litigation because individual litigation of each Class Member's claim is impracticable. Even if each Class Member

could afford individual litigation, the court system could not. It would be unduly burdensome if thousands of individual cases were to proceed. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class-action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

### First Claim for Relief

**Breach of Contract**

51. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

52. As part of the process to register and access PACER, Plaintiff and the Class entered into a contract with the AO, which had actual authority to bind the United States.

53. This contract incorporated the terms provided to Plaintiff and the Class during the registration process for PACER, including the PACER User Manual.

54. Plaintiff and the Class performed their duties under the contract or were excused from doing so by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing.

55. All conditions required by the contract for the United States' performance have occurred or were excused by waiver, impossibility, impracticability, and/or prevention or

hindrance of the contract through a breach of the covenant of good faith and fair dealing by the United States.

56. The contract did not contain any condition precedent for litigation, but if it did any such condition was excused because the United States breached the covenant of good faith and fair dealing and/or compliance with the condition would have been impracticable or was prevented or hindered because the United States concealed the overcharges from PACER users.

57. To the extent there is any requirement that Plaintiff or the Class exhaust administrative remedies prior to the filing of this action, Plaintiff and the Class have fully complied with all such requirements, including by vicariously notifying the AO of the systemic billing errors with PACER and providing the AO with ample opportunity to address and correct the systemic billing errors.

58. Under the terms of the contract, the United States was required to charge Plaintiff and the Class $0.10 per page for accessing docket reports. The contract's terms defined pages in a docket report accessed in HTML format as 4,320 extracted bytes.

59. By charging Plaintiff and the Class more than $0.10 per page for accessing docket reports in HTML format by miscounting the number of extracted bytes in each docket, the United States violated the express terms of the contract. As a result, the United States breached its contract with Plaintiff and the Class.

60. As a direct and proximate cause of the United States' breach of the contract, Plaintiff and the Class were harmed and are owed compensatory damages.

**SECOND CLAIM FOR RELIEF**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

61. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

62. Federal common law imposes a duty of good faith and fair dealing in the performance of all contracts.

63. As part of the process to register and access PACER, Plaintiff and the Class entered into a contract with the AO, which had actual authority to bind the United States.

64. This contract incorporated the terms provided to Plaintiff and the Class during the registration process for PACER, including the PACER User Manual.

65. Plaintiff and the Class performed their duties under the contract or were excused from doing so by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing by the United States.

66. All conditions required by the contract for the United States' performance have occurred or were excused by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through breach of the covenant of good faith and fair dealing by the United States.

67. The contract did not contain any condition precedent for litigation, but if it did any such condition was excused because the United States breached the covenant of good faith and fair dealing and/or compliance with the condition would have been impracticable or was prevented or hindered because the United States concealed the overcharges from PACER users.

68. To the extent there is any requirement that Plaintiff or the Class exhaust administrative remedies prior to the filing of this action, Plaintiff and the Class have fully complied with all such requirements, including by vicariously notifying the AO of the systemic billing errors with PACER and providing the AO with ample opportunity to address and correct the systemic billing errors. Under the terms of the contract, the United States was required to charge Plaintiff and the Class $0.10 per page for accessing docket reports. The contract's terms defined pages in a docket report accessed in HTML format as 4,320 extracted bytes.

69. By knowingly and repeatedly charging Plaintiff and the Class more than $0.10 per page for accessing docket reports in HTML format by miscounting the number of extracted bytes in each docket, the United States breached the implied covenant of good faith and fair dealing.

70. As a direct and proximate cause of the United States' breach of the implied covenant of good faith and fair dealing, Plaintiff and the Class were harmed and are owed compensatory damages.

## THIRD CLAIM FOR RELIEF

### Illegal Exaction

71. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

72. The United States, acting through the AO, improperly collected user fees from Plaintiff and the Class in excess of those authorized by Congress under the E-Government Act of 2002, 28 U.S.C. 2002 note, and in excess of those authorized by the AO and the Judicial Conference under the Electronic Public Access Fee Schedule. These improperly collected user

fees constitute an illegal exaction in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

73. The E-Government Act of 2002 provides that "[t]he Judicial Conference may, ***only to the extent necessary***, prescribe reasonable fees … for collection by the courts … for access to information available through automatic data processing equipment" and that "[t]he Director of the [AO], under direction of the Judicial Conference … shall prescribe a schedule of ***reasonable*** fees for electronic access to information …." 28 U.S.C.A. 1913 (emphasis added).

74. The Electronic Public Access Fee Schedule only authorizes fees of $0.10 per page, not to exceed the fee for thirty pages, for electronic access to any case document, docket sheet, or case-specific report.

75. By miscalculating the number of bytes in a page, the AO collected charges from Plaintiff and the Class in excess of $0.10 per page for accessing electronic docket sheets, in direct contravention of the E-Government Act's mandate that the Judicial Conference "may, only to the extent necessary, prescribe reasonable fees." Overcharging Plaintiff and the Class for these charges was both unnecessary and *per se* unreasonable under the Act.

76. The AO also collected charges from Plaintiff and the Class in excess of the $0.10 per page fee for accessing electronic docket sheets in direct contravention of the Electronic Public Access Fee Schedule, as well as further policies and procedures promulgated by the AO in the PACER User Manual.

77. By necessary implication, the E-Government Act of 2002, the Electronic Public Access Fee Schedule, and other related policies and procedures promulgated by the AO provide that the remedy for their violation entails a return of money unlawfully exacted. By directly

prescribing the limits on fees charged by the AO and the Judicial Conference to Plaintiff and the Class, these laws lead to the ineluctable conclusion that they provide a monetary remedy for fees charged in excess of the prescribed limits.

78.     Plaintiff and the Class are intended beneficiaries of the E-Government Act of 2002, the AO, and the PACER system, as PACER's "mission is to facilitate and improve electronic public access to court information at a reasonable cost, in accordance with legislative and Judiciary policies, security requirements, and user demands."

79.     The United States has retained the funds it unlawfully collected from Plaintiff and the Class and has not reimbursed or otherwise compensated Plaintiff and the Class.

80.     Plaintiff and the Class seek return of all funds improperly paid, exacted, or taken from them in contravention of federal statutes and regulations.

### PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against the United States of America as follows:

A.  An order certifying the proposed Class under R.C.F.C. 23;
B.  An order appointing Plaintiff and his counsel to represent the Class;
C.  A finding that the United States breached its contract with Plaintiff and the Class;
D.  A finding that the United States breached the implied covenant of good faith and fair dealing in its contractual dealings with Plaintiff and the Class;
E.  A finding that the United States illegally exacted money from Plaintiff and the Class in violation of the Due Process Clause of the Fifth Amendment;
F.  A judgment awarding Plaintiff and the Class compensatory damages and any other damages authorized by law in amounts to be proven at trial;

G.  Prejudgment and postjudgment interest at the maximum allowable rate;

H.  Attorneys' fees and expenses and the costs of this action; and

I.  All other relief, including equitable and injunctive relief, that this Court deems necessary, just, and proper.

DATED: September 13, 2018                         **SCHUBERT JONCKHEER & KOLBE LLP**

                                                  BY:     /s/ Noah M. Schubert

                                                  Noah M. Schubert
                                                  Attorney of Record
                                                  *nschubert@sjk.law*

                                                  Three Embarcadero Ctr Ste 1650
                                                  San Francisco, CA 94111-4018
                                                  Ph: 415.788.4220
                                                  Fx: 415.788.0161

OF COUNSEL:                                       **SCHUBERT JONCKHEER & KOLBE LLP**

                                                  Robert C. Schubert
                                                  *rschubert@sjk.law*

                                                  Miranda P. Kolbe
                                                  *mkolbe@sjk.law*

                                                  Kathryn Y. Schubert
                                                  *kschubert@sjk.law*

                                                  Three Embarcadero Ctr Ste 1650
                                                  San Francisco, CA 94111-4018
                                                  Ph: 415.788.4220
                                                  Fx: 415.788.0161

                                                  *Attorneys for Plaintiff, Individually and
                                                  on Behalf of All Other Similarly Situated*